# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**DUSTIN NELSON**                                                   **PLAINTIFF**
**#145488**

v.                     No: 4:23-cv-00032-KGB-PSH

**DEXTER PAYNE,** *et al.*                                               **DEFENDANTS**

## ORDER

Plaintiff Dustin Nelson, an inmate at the Arkansas Division of Correction's Varner Supermax Unit, filed a pro se complaint (Doc. No. 2) on January 12, 2023. His application to proceed *in forma pauperis* has been granted (Doc. No. 9). Nelson filed an amended complaint on March 6, 2023 (Doc. No. 13).

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. Although a complaint requires only a short and plain statement of the claim showing that the pleader is entitled to relief, the factual allegations set forth therein must be sufficient to raise the right to relief above the speculative level. *See* Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) ("a plaintiff's obligation to provide the 'grounds' of his

'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .").  While construed liberally, a *pro se* complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable.  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. 42 U.S.C. § 1983.

Nelson's complaint does not set forth sufficient facts to describe a viable claim under § 1983 for the reasons set forth below.  However, the Court will allow him another opportunity to amend his complaint to clarify his claims.

First, it is not clear whether Nelson intends to bring claims concerning the conditions of confinement in restrictive housing at the Varner Supermax Unit.  He generally alleges that he has been subjected to cruel and unusual punishment and deliberate indifference but does not describe specific facts indicating his Eighth Amendment rights have been violated by any specific defendant.  To prevail on an Eighth Amendment conditions of confinement claim, a prisoner must show (1) the alleged deprivation was, "objectively, sufficiently serious," and resulted "in the denial of the minimal civilized measure of life's necessities," and (2) prison officials were deliberately indifferent to "an excessive risk to inmate health or safety." *Farmer v. Brennan,* 511 U.S. 825, 834 (1970).  Additionally, a defendant may not

be held liable under § 1983 unless he was personally involved in or had direct responsibility for the constitutional violation. *See Mayorga v. Missouri,* 442 F.3d 1128, 1132 (8th Cir. 2006) ("Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights.") (internal quotations and citations omitted). Nelson must describe why he believes his Eighth Amendment rights have been violated and how each named defendant was involved in the violations he alleges.

Second, Nelson's due process claims fail as a matter of law. To the extent he claims that the prison has failed to abide by or properly implement its own policies, inmates do not have a constitutionally protected right to require prison officials to comply with internal rules or procedures. *See Flick v. Alba,* 932 F.2d 728, 729 (8th Cir. 1991) (per curiam) (federal grievance regulations providing for administrative remedy procedure do not create liberty interest in access to that procedure). *See also Phillips v. Norris,* 320 F.3d 844, 847 (8th Cir. 2003); *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997). And Nelson has no liberty interest in the possibility of parole. United States District Judge Kristine G. Baker has explained:

> The Court interprets Mr. Gardner's allegations as a due process claim. Mr. Gardner, however, does not have a protected liberty interest in the possibility of parole, and, accordingly, no violation of his due process rights is implicated. *See Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979); *Parker v. Corrothers*, 750 F.2d 653, 655-57 (8th Cir. 1984). A protected liberty interest "may arise from two sources — the Due Process Clause itself and the laws of the States." *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989)

> (internal citation omitted). There is " 'no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence.'" *Jackson v. Nixon*, 747 F.3d 537, 551 (8th Cir. 2014) (quoting *Greenholtz*, 442 U.S. at 7). State law may create a liberty interest if "'state statute or regulation involved uses mandatory language and imposes substantive limits on the discretion of state officials.'" *Snodgrass v. Robinson*, 512 F.3d 999, 1003 (8th Cir. 2008) (internal citation omitted).
>
> When a prisoner is committed to the Arkansas Department of Correction, "he can be assured of only one thing — that he will be released from the State's custody at the end of the term of years specified by the sentencing court." *Richmond v. Duke*, 909 F. Supp. 626, 631 (E.D. Ark. 1995). Under Arkansas law, the Parole Board may release an individual on parole, but there is no right to release. Arkansas parole statutes create only the possibility of parole, not "a protectable liberty interest in discretionary parole decisions...." *Hamilton v. Brownlee*, 237 Fed. Appx. 114, 115 (8th Cir. 2007); *see also Persechini v. Callaway*, 651 F.3d 802, 807-08 (8th Cir. 2011) (no liberty interest in discretionary parole decisions). Because Mr. Gardner has no protected liberty interest in the possibility of parole, his allegations fail to state a 42 U.S.C. § 1983 claim on which relief may be granted. . . .

*Gardner v. Payne*, No. 3:21-CV-00033-KGB (Doc. No. 6). Nelson also has no liberty interest in obtaining a particular classification or participating in certain rehabilitation programs offered by the prison. *See Hamm v. Lockhart*, 980 F.2d 734 (8th Cir. 1992) (holding that "classification of prisoners involves no constitutional or federal statutory rights sufficient to implicate due process" and that "Arkansas law commits prisoner classification to the discretion of prison officials and does not protect an inmate's right to any particular classification or raise due process concerns.") (internal citations omitted) (citing Ark. Code Ann. § 12-29-202(e) (Michie Supp. 1991) and *Strickland v. Dyer,* 628 F. Supp. 180 (E.D. Ark. 1986)).

Finally, although it does not appear that Nelson necessarily seeks early release in this action, the Court notes that such relief is not available under 42 U.S.C. § 1983. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or speedier release from imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Nelson is cautioned that an amended complaint renders his original complaint without legal effect; only claims properly set out in the amended complaint will be allowed to proceed. In the event Nelson fails to file an amended complaint conforming to this order within 30 days, the undersigned may recommend dismissal of this case. The Clerk of Court is directed to send a blank § 1983 complaint form to Nelson.

IT IS SO ORDERED this 11th day of April, 2023.

_____
UNITED STATES MAGISTRATE JUDGE